**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR QUARLES, III,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-5673** |
| | : | |
| **AFFIRM INC.,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**McHUGH, J.**                                                    **JANUARY 14, 2022**

Plaintiff Arthur Quarles, III, initiated this civil action by filing a *pro se* Complaint against Affirm Inc. ("Affirm") that is best construed as raising claims under the Fair Credit Reporting Act ("FCRA"). (ECF No. 2.) He seeks leave to proceed *in forma pauperis*.[1] (ECF No. 5.) For the following reasons, the Court will grant Quarles leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to amendment.

**I.      FACTUAL ALLEGATIONS**[2]

Quarles's Complaint is brief. He indicates that the events giving rise to his claims occurred on December 6, 2021. (ECF No. 2 at 4.) Mr. Quarles alleges that Affirm is reporting "inaccurate information" to credit bureaus, refers the Court to exhibits attached to his Complaint

---

[1] Quarles's Complaint was not signed in accordance with Federal Rule of Civil Procedure 11, and his initial Motion to Proceed *In Forma Pauperis* lacked sufficient information for the Court to make a determination as to whether he qualified for *in forma pauperis* status. Accordingly, the Court issued an Order directing Quarles to cure these defects. (ECF No. 4.) He has since done so. (*See* ECF Nos. 5 & 6.)

[2] The facts set forth in this Memorandum are taken from Quarles's Complaint and attached exhibits.

for further detail, and contends that his credit report does not make sense.  (*Id.*)  Quarles also alleges that Affirm's representatives are "unprofessional and rude" and that one hung up on him. (*Id.*)  He adds that Affirm's representatives "give you the run around and never really investigate any problems that [the] customer" raises.  (*Id.*)  Quarles alleges that he has suffered emotional harm as a result of Affirm's conduct and seeks damages and removal of "these entries permanently . . . from off of all credit bureaus indefinitely."  (*Id.* at 5.)

Mr. Quarles did not allege any additional facts in his Complaint.  However, he attached documents to his Complaint.  (ECF No. 2-1.)  The documents include complaints filed with the Better Business Bureau in 2019, 2020, and 2021, about Affirm.  (*Id.* at 1-4, 6.)  It is not clear whether any of these complaints were filed by Quarles — at least one appears to have been filed by an individual by the name of Ms. Hudson — or how they relate to his claims.  (ECF No. 2-1 at 1.)  Also attached as an exhibit is a print-out of what appears to be information from the website of a law firm relating to allegations that have been made against Affirm.  (*Id.* at 5.)

More relevant here, Quarles also attached a copy of his credit report from Experian dated December 18, 2021, which reflects exceptional payment history on the listed accounts with the exception of his account with Affirm, which reports "15 potentially negative months."  (*Id.* at 17.)  Quarles highlighted areas of the report that he describes as "violations/inaccuracies," and provided a list of information he believes was inaccurately reported by Affirm.  (*Id.* at 17-21 & 33.)  He also attached a record of phone conversations reflecting that Affirm represented that it "sold the debt to True accord and that Affirm no longer has any of the information to the charged off accounts" and that he spent time on additional phone calls with representatives from True Accord and Affirm to attempt to address the matter.  (*Id.* at 25.)

## II.     STANDARD OF REVIEW

The Court will grant Quarles leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Quarles's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Mr. Quarles is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Traveline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The United States

Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.    DISCUSSION

As noted above, Quarles's Complaint is best construed as raising claims under the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Quarles must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify

4

the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Initially, Quarles's Complaint has failed to comply with Rule 8 or state a claim because he provides few factual allegations about the events underlying his claims and, instead, relies almost exclusively on exhibits.  However, a complaint cannot state a claim by relying on exhibits absent factual allegations in the Complaint that explain the basis for the plaintiff's claims against the defendant. *See Berkery v. Credit Collection Servs.*, Civ. A. No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, Civ. A. No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

In any event, even liberally construing the Complaint, Quarles has not stated a claim against Affirm as a furnisher of information to a consumer reporting agency.[3]  Although Quarles

---

[3] Quarles cannot state a claim against Affirm under the provisions of the FCRA pertaining to consumer reporting agencies, because Affirm is not a consumer reporting agency.

alleges that Affirm communicated inaccurate information to a consumer reporting agency (ECF No. 2 at 4), and although Quarles identified the allegedly inaccurate information in one of his exhibits (ECF No. 2-1 at 24), he has not alleged that he disputed the information to a consumer reporting agency, and that Affirm failed to reasonably investigate the dispute in response. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *see also Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Quarles's FCRA claims are therefore not plausible as pled.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Quarles leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Quarles will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against Affirm without relying heavily on exhibits and by clarifying his allegations. An appropriate Order follows.

> BY THE COURT:
> /s/ Gerald Austin McHugh
>
> _____
> **GERALD A. McHUGH, J.**