IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR QUARLES, III,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5673 |
| | : | |
| AFFIRM INC.,<br>    Defendant. | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                                    **JANUARY 20, 2022**

Currently before the Court is an Amended Complaint filed by Plaintiff Arthur Quarles, III, against Affirm Inc. ("Affirm"), which raises claims under the Fair Credit Reporting Act ("FCRA").[1] (ECF No. 11.)[2] For the following reasons, the Court will dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Mr. Quarles filed his initial Complaint against Affirm based on allegations that Affirm was reporting inaccurate information to consumer reporting agencies, which adversely affected his credit score. In a January 14, 2022 Memorandum and Order, the Court granted Quarles leave to proceed *in forma pauperis* and dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Quarles v. Affirm Inc.*, Civ. A. No. 21-CV-5673, 2022 WL 160264, at *1 (E.D. Pa. Jan. 14, 2022). The Court construed the Complaint as raising

---

[1] Quarles also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 9.) Because he has already been granted leave to proceed *in forma pauperis* in this case, the Motion will be denied as unnecessary.

[2] The Court will cite to the most recent version of the Amended Complaint, which was submitted by Quarles to correct a typographical error.

a FCRA claim against Affirm as a furnisher of information to consumer reporting agencies, but concluded that Quarles failed to state a plausible FCRA claim because he "ha[d] not alleged that he disputed the [inaccurate] information to a consumer reporting agency, and that Affirm failed to reasonably investigate the dispute in response." *Id.* at *3. Quarles was given leave to amend in the event he could cure this defect.

Mr. Quarles subsequently filed the pending Amended Complaint against Affirm. He alleges that on December 6, 2021, he viewed his credit profile and realized that Affirm "had over 11 violations reporting on [his] credit report." (ECF No. 11 at 3.)[3] Quarles claims that Affirm "violated [his] consumer rights by reporting inaccurate information on [his] consumer credit report." (*Id.*) He avers that he has filed "numerous disputes with [A]ffirm over [the] last year" and that Affirm has failed to respond to his communications or correct the inaccurate information. (*Id.*) Quarles alleges that the adverse information on his credit report has negatively impacted his credit, has prevented him from being approved for loans, and has caused him emotional damage. (*Id.* at 3-4.) As relief, Quarles seeks damages and removal of "all [A]ffirm inc accounts . . . from . . . all credit bureaus indefinitely." (*Id.* at 4.)

## II. STANDARD OF REVIEW

Since Quarles is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Quarles's Amended Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Quarles is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Mr. Quarles brings his claim pursuant to the FCRA.  The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Quarles must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify

the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Quarles has again failed to state a claim against Affirm as a furnisher of information to a consumer reporting agency.[4] Although Quarles alleges that Affirm communicated inaccurate information to a consumer reporting agency (ECF No. 11 at 3), he has failed to describe that inaccurate information with any factual specificity. More importantly, he has not alleged that he disputed the information to a consumer reporting agency, and that Affirm failed to reasonably investigate the dispute after having been notified by the consumer reporting agency. Such reporting is necessary for there to be a viable FCRA claim. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Mr. Quarles alleges

---

[4] Quarles cannot state a claim against Affirm under the provisions of the FCRA pertaining to consumer reporting agencies, because Affirm is not a consumer reporting agency.

that he disputed the matter with Affirm and that Affirm failed to respond to his communications or correct the errors but disputing the information with the furnisher directly does not give rise to a claim under the FCRA, even if the furnisher does not properly respond.  *See Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute.").  Quarles's FCRA claim is therefore not plausible.

## IV.   CONCLUSION

For the foregoing reasons, the Court must dismiss Mr. Quarles's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because Mr. Quarles cannot state a FCRA claim against Affirm based on Affirm's alleged failure to reasonably respond to his direct inquiry (as opposed to an inquiry from a consumer reporting agency), the Court concludes that further attempts at amendment would be futile.  An appropriate Order follows, which dismisses this case.

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. McHUGH, J.**
